ROBERT JOHN PICKNALLY, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Picknally v. Commissioner
Docket No. 10539-75.
United States Tax Court
T.C. Memo 1977-321; 1977 Tax Ct. Memo LEXIS 120; 36 T.C.M. (CCH) 1292; T.C.M. (RIA) 770321; September 20, 1977, Filed Robert John Picknally, pro se. W. Terrence Mooney, for the respondent. DAWSON
MEMORANDUM FINDINGS OF FACT AND OPINION DAWSON, Judge: This case was assigned to and heard by Special Trial Judge Murray H. Falk pursuant to the provisions of section 7456(c) of the Internal Revenue Code[1] and General Order No. 5 of this Court. [2] The Court agrees with and adopts Special Trial Judge Falk's report which is set forth below. *121 OPINION OF THE SPECIAL TRIAL JUDGE FALK, Special Trial Judge: Respondent determined a deficiency of $119.35 in petitioner's 1971 federal income tax. The issues presented are: (1) Whether petitioner is entitled, under section 162(a), to deduct certain education expenses incurred while pursuing a course of study leading to a Ph.D. degree and (2) whether petitioner is entitled, under section 162(a), to deduct the cost of meals incurred en route to Air Force Reserve meetings. Another adjustment made in the notice of deficiency has not been raised in this proceeding. FINDINGS OF FACT At the time the petition herein was filed, petitioner resided at East Longmeadow, Massachusetts. Petitioner received a bachelor's degree from Westfield State College, Westfield, Massachusetts, in 1956. He served as an education specialist in the United States Army in Korea from 1956 to 1958. Petitioner earned a master of education degree from Westfield in 1960. In 1966, he received an advanced professional diploma in educational curriculum and supervision from the University of Connecticut. Petitioner was employed as a teacher in the Chicopee, Massachusetts, public school system from *122 1958 to 1962. He was an instructor and a supervising teacher in the laboratory school of Willimantic State College, Willimantic, Connecticut, from 1962 to 1965. From 1965 to 1968, petitioner was employed as an educational administrator. He served as an elementary curriculum coordinator in the Adams, Massachusetts, public school system (1965-1966), assistant superintendent and curriculum coordinator in the Oxford, Massachusetts, public school system (1966-1967), and elementary school principal in the Warren, Massachusetts, public school system (1967-1968). In April, 1968, petitioner resigned his position as an elementary school principal in Warren, effective July 30, 1968. In the fall of that year, he enrolled in three doctorate-level courses in educational administration at Boston College. Although petitioner was not formally accepted into the educational administration Ph.D. program, he registered for a full-time course load. Petitioner enrolled in a similar program during the spring semester in 1969 at the University of Massachusetts at Amherst, Massachusetts. He was formally admitted into the Boston College doctoral program in August, 1969, and completed the course requirements *123 needed for a degree in the spring of 1971. During this time, petitioner held no other employment other than a teaching fellowship at Boston College. In September of 1971, petitioner accepted a position for one month as a temporary lecturer at the University of Maine, Farmington, Maine. He had an option to extend that position, but failed to do so. Throughout 1971, petitioner wrote letters to various universities, colleges, and school systems seeking employment in a teaching or administrative capacity. He was unable to procure a position in his field. He kept his name on file in the placement offices at Boston College and the University of Connecticut. He performed educational work on a part-time basis in the Air Force Reserve, for which he received a small salary. In addition to working in various noncompensatory civic positions, petitioner has continued to search for work. He remained unemployed up to the time of the trial on January 7, 1977. Petitioner is a major in the United States Air Force Reserve.He attended weekly Reserve meetings in West Springfield, Massachusetts, during 1971 in a nonpay status. From January through August, petitioner commuted to Boston College *124 on Monday mornings for classes. On Monday evenings, he traveled from his classes at Boston College to his Reserve meeting in West Springfield, a journey of approximately 85 miles. Petitioner stopped along the way to eat dinner at a turnpike restaurant. He stayed overnight at home in East Longmeadow on Mondays and returned to Boston College Tuesday mornings, remaining there until Thursdays, when he returned home to East Longmeadow for the weekends. Petitioner claimed a deduction on his 1971 federal income tax return of $1,094 and $119 as education and travel expenses, respectively. The education expenses were for tuition, books, supplies, transportation from East Longmeadow to Boston College, and meals. In his notice of deficiency, respondent disallowed $1,088 [3] of the claimed deduction for education expenses, contending that petitioner was not actively engaged in the trade or business of teacher or educational administrator during 1971. Respondent does not challenge the amount expended, only its deductibility. Of the claimed travel expense deduction, respondent disallowed $64, the cost of petitioner's meals taken en route to Reserve meetings. *125 OPINION Section 162(a) allows as a deduction all the ordinary and necessary expenses incurred while carrying on a trade or business. Section 1.162-5(a)(1), Income Tax Regs., permits a deduction for expenses incurred for education which "maintains or improves skills required by the individual in his employment or other trade or business." Respondent does not argue that petitioner's studies did not improve his skills. He contends, however, that petitioner was not in the trade or business of teacher or educational administrator [4] during the tax year in question. We hold for petitioner on this issue. [4]
Whether activities carried on by an individual can be characterized as those of a trade or business is a question of fact. Higgins v. Commissioner,312 U.S. 212, 217 (1941). The burden of proof is on petitioner to prove he is entitled to a business expense deduction under section 162(a). Welch v. Helvering,290 U.S. 111, 115 (1933). A business *126 expense deduction is allowable where it is customary for established members of the taxpayer's profession to incur such expense. Primuth v. Commissioner,54 T.C. 374 (1970); Carlucci v. Commissioner,37 T.C. 695 (1962). Additional education is a normal incident of the teaching profession. Furner v. Commissioner,393 F.2d 292 (7th Cir. 1968), revg. 47 T.C. 165 (1966). A taxpayer can still be engaged in a trade or business, although currently unemployed, if he or she was previously involved in and intends to return to that trade or business. Haft v. Commissioner,40 T.C. 2 (1963); Furner,supra; Ford v. Commissioner,56 T.C. 1300 (1971), affd. 487 F.2d 1025 (9th Cir. 1973) (per curiam). However, amounts expended in preparation for the resumption of business at some indefinite time in the future are not deductible. Owen v. Commissioner,23 T.C. 377 (1954). And, mere membership in good standing in a profession is not considered the carrying on of a trade or business. Owen,supra.
Prior to pursuing a Ph.D. in *127 educational administration, petitioner worked in the field of education for about ten years. He resigned in 1968 to continue his education and expand his skills fully intending and expecting to resume work in education as either an instructor or administrator. Petitioner registered for courses directly related to improving his skills and he was not employed in another profession while studying. He actively sought a position in his line of work. He wrote letters to various educational institutions and placed his name on file at the placement offices of two colleges. Petitioner was more than an inactive member of his profession. At Boston College, he was awarded a teaching fellowship, and he worked at the University of Maine as an instructor for one month.The length of his course of study was not of the same indefinite duration as existed in Owen,supra.We are persuaded on the basis of this record as a whole that petitioner was in the trade or business of teacher or educational administrator during 1971. Respondent contends that the period of time petitioner was away from his active school teaching and administrative duties requires a finding that he was *128 not engaged in that trade or business. Respondent relies on Rev. Rul. 68-591, 1968-2 C.B. 73, in which respondent allows a deduction for education expenses where a taxpayer temporarily ceases to be engaged in his or her trade or business. Temporary suspension is defined there as being for a period of one year or less, but the courts do not recognize such an absolute time limitation. Indeed, in Haft,supra, the taxpayer was not gainfully employed for a period of about five years, yet we found the first two years of that period to be a period of transition in which he was actively seeking employment in his line of work. We see the situation here as essentially the same as in Haft. We cannot accept respondent's narrow and inflexible interpretation of the statute. Each case is unique and must be decided on the basis of its own facts. Respondent also relies on Corbett v. Commissioner,55 T.C. 884 (1971) and Wyatt v. Commissioner,56 T.C. 517 (1971), for support in disallowing the deduction. Both cases are factually distinguishable. In Corbett, the taxpayer left her teaching position for many reasons, one *129 of which was her family responsibility; she had worked in the fields of law and business since leaving teaching; and she lacked diligence in seeking employment after the completion of her graduate studies. In Wyatt, the taxpayer left her secretarial position to study for a job teaching secretaries. The Court, in disallowing the deduction, held that this qualified her for a new trade or business. The facts here fall within neither of these cases. Petitioner is entitled to a deduction for his education expenses. We turn now to the other issue presented for our determination.Respondent disallowed $64 of the $119 claimed by petitioner as travel expense pursuant to section 162(a). This amount represents expenditures for dinners taken by petitioner during his trip from his classes at Boston College to his weekly Air Force Reserve meetings. The Supreme Court has ruled that a taxpayer must be away from home overnight or for a sufficient period of time that sleep or rest is necessary during the trip in order to be entitled to deduct meals as a business expense. United States v. Correll,389 U.S. 299 (1967). On the nights before and after his Reserve meetings, *130 petitioner slept at his home in East Longmeadow. Inasmuch as that was petitioner's home for tax purposes, he is not entitled to deduct the cost of those meals. Carlucci v. Commissioner,supra.
* * *
In accordance with the foregoing, Decision will be entered under Rule 155. Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended, unless otherwise indicated. ↩
2. Pursuant to General Order No. 5, the post-trial procedures set forth in Rule 182 of this Court's Rules of Practice and Procedure are not applicable to this case.↩
3. Respondent inadvertently disallowed $1,088 of the claimed $1,094 education expense deduction. Inasmuch as respondent did not seek to correct this error, only $1,088 is in issue.↩
4. For purposes of education expenses, petitioner's duties as a teacher and school administrator are considered to involve the same general type of work. See sec. 1.162-5(b)(3)(i), Income Tax Regs.↩