MORRIS D. HINTON AND MARGERY HINTON, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Hinton v. Commissioner
Docket No. 3140-81.
United States Tax Court
T.C. Memo 1982-539; 1982 Tax Ct. Memo LEXIS 200; 44 T.C.M. (CCH) 1160; T.C.M. (RIA) 82539; September 21, 1982. *200 Petitioner, an air traffic controller, held a private pilot license. He then took additional flight training courses which culminated in his receiving a commercial pilot certification and instrument rating certification. Held, the courses maintained and improved his skills but their costs are nondeductible as educational expenses because the training qualified him for a new trade or business. Sec. 1.162-5(b)(3), Income Tax Regs.
Terry S. Shilling, for the petitioners. Richard S. Bloom, for the respondent. STERRETT
MEMORANDUM FINDINGS OF FACT AND OPINION STERRETT, Judge: By notice of deficiency dated November 20, 1980 respondent determined deficiencies in petitioners' Federal income taxes for the taxable years 1976 and *201 1977 in the amounts of $1,095 and $869, respectively. The issues for decision are (1) whether expenses incurred by petitioner Mr. Hinton for flight training during the years in question are deductible as educational elxpenses; and (2) if such expenses are so deductible, whether the deduction must be reduced to the extent petitioner Mr. Hinton was reimbursed for such expenses by the Veterans' Administration. FINDINGS OF FACT Some of the facts have been stipulated and are so found. The stipulation of facts and exhibits attached thereto are incorporated herein by this reference. Petitioners Morris D. Hinton and his wife, Margery Hinton, resided in Wellington, Ohio at the time of filing the petition herein. Margery Hinton is a party to this proceeding solely by reason of having filed a joint income tax return with Morris D. Hinton (hereinafter petitioner). They filed their joint Federal income tax returns for 1976 and 1977 with the Internal Revenue Service Center, Cincinnati, Ohio. During the years 1976 and 1977 petitioner was employed by the Federal Aviation Administration as an air traffic control specialist, a position he had occupied since March 18, 1968. As such, he *202 was responsible for the safe, orderly and expeditious flow of air traffic over an assigned area. In carrying out these responsibilities, petitioner utilized a radar scope to follow the air traffic in his assigned area and an air-to-ground radio to relay vital information, such as when to climb, descend, or turn, to the aircraft that entered his area. The Federal Aviation Administration provided petitioner, as an air traffic control specialist, with on-the-job training. Petitioner is a licensed pilot, having received his private pilot certificate on May 11, 1972. From March 2, 1976 to September 30, 1976, he was enrolled at Midwest Aviation, Inc., in a course entitled "Commercial." Upon completion of this course, petitioner was enrolled from October 1, 1976 to August 30, 1977 in a course entitled "Commercial 141 Revised." The costs of these courses were $3,804 in 1976 and $2,868 in 1977. Petitioner received reimbursement from the Veterans' Administration in the amounts of $3,423.96 and $1,990.44 during the years 1976 and 1977 for the costs incurred. As a result of these courses, petitioner received his instrument rating and commercial pilot certificates on October 24, 1977. *203 It is stipulated that neither of these certificates is required in order for one to be an air traffic control specialist. Petitioner stated at trial that his primary reason for taking these courses was to upgrade and update his ability as an air traffic controller. On his amended 1976 Federal income tax return, petitioner deducted as educational expenses the following: Tuition
$3,804
Food
90
Lodging
96
Transportation
140
$4,130
Petitioner also deducted $2,868 for education at Midwest Aviation, Inc. on his 1977 Federal income tax return. However, petitioner now concedes that $105 of the tuition in 1976 and $566.70 of the amount in 1977 are not deductible. In his notice of deficiency respondent disallowed these deductions in their entirety on the ground that it had not been established that the expenses were incurred primarily to maintain or improve skills required in petitioner's employment in 1976 and 1977. Alternatively, respondent asserted that if the amounts claimed are determined to qualify as deductible educational expenses, such expenses still should be disallowed to the extent petitioner was reimbursed by the Veterans' Administration for such *204 courses. OPINION Section 162(a), I.R.C. 1954, allows a deduction for all ordinary and necessary expenses paid or incurred by a taxpayer during the taxable year in carrying on his trade or business. Since the statute does not address directly educational expenses, the regulations take on an added significance. Bradley v. Commissioner,54 T.C. 216, 218 (1970). Section 1.162-5(a), Income Tax Regs., sets forth objective criteria for determining whether amounts expended for education are ordinary and necessary expenses incident to a taxpayer's trade or business. As a general rule, educational expenses are deductible if the education maintains or improves the skills required by the taxpayer in his employment or other trade or business, or if the education meets the express requirements of the taxpayer's employer imposed as a condition to the retention of his employment relationship, status, or rate of compensation. Sec. 1.162-5(a), Income Tax Regs. However, a deduction is not allowable, even though the education maintains or improves skills, or is expressly required by an employer, if such education is part of a program which will lead to qualifying the taxpayer *205 in a new trade or business. Sec. 1.162-5(b), Income Tax Regs.
Since it was stipulated that pilot training leading to a commercial pilot certification and instrument rating certification is not a requirement of an air traffic controller, petitioner must establish that the flight training courses maintained or improved the skills required in his occupation to be entitled to a deduction. Petitioner contends that he took the courses primarily to provide himself with an understanding of the capabilities and characteristics of the aircraft that he was required to service. He testified that this knowledge was required to do an efficient job and that such training was not provided by the Federal Aviation Administration. In support of this assertion, petitioner related to this Court several examples of how his knowledge of, and experience in, handling aircraft obtained from these courses enabled him, as an air traffic controller, to help people in trouble and better perform his duties. Respondent, however, contends that the Federal Aviation Administration furnished petitioner with the training needed to perform his occupation as an air traffic controller and that the courses in question *206 did not maintain or improve skills required in his trade or business. Whether education maintains or improves skills required by the taxpayer in his employment must be determined from all the facts and circumstances involved. Boser v. Commissioner,77 T.C. 1124, 1131 (1981); Baker v. Commissioner,51 T.C. 243, 247 (1968). Petitioner has the burden of proof to establish that he is entitled to such deductions. Wassenaar v. Commissioner,72 T.C. 1195, 1199 (1979). In order to satisfy this burden, petitioner must show that there was a direct and proximate relationship between the flight training courses taken by him and the skills required in his employment as an air traffic controller. Boser v. Commissioner,supra;Carroll v. Commissioner,51 T.C. 213, 218 (1968), affd. 418 F.2d 91 (7th Cir. 1969). A precise correlation is not necessary, and the educational expenditure need not be for training which is identical to petitioner's prior training so long as it enhances existing employment skills. Boser v. Commissioner,supra;Lund v. Commissioner,46 T.C. 321, 331-332 (1966). *207 Because the question of whether the flight training courses maintained or improved petitioner's skills as an air traffic controller is essentially factual, previously decided cases are of little precedential value. We have examined the cases relied upon by respondent and find each one sufficiently distinguishable on its facts so that none controls the instant case. Although petitioner's testimony was uncorroborated, he did clearly detail how on several instances his flight training helped him better to perform his duties as an air traffic controller. We believe that there is a sufficient nexus between flight training and the skills required of an air traffic controller. Since an air traffic controller offers direct assistance to pilots in the air, a knowledge of flight capabilities of aircraft would surely be helpful in emergency situations. Thus, we hold that the flight training courses taken by petitioner maintained and improved his skills as an air traffic controller. However, even though there was a direct and proximate relationship between the flight training courses and the skills required of an air traffic controller, a deduction for educational expenses is not allowable *208 if such education will lead to qualifying petitioner for a new trade or business. Sec. 1.162-5(b) (3), Income Tax Regs. Qualification, in this instance, contemplates not only the actual entering into a new trade or business, but also the mere capacity to do so. Weiszmann v. Commissioner,52 T.C. 1106, 1111 (1969). An individual might continue his activities in his existing trade or business and never enter into the new one for which he has qualified. Nevertheless, his educational expenses in merely becoming qualified for a new trade or business are nondeductible. Thus, if the flight training courses taken by petitioner qualify him for a new trade or business, his educational expenses are nondeductible even though he continues in his profession as an air traffic controller. The standard for determining whether education qualifies a taxpayer for a new trade or business is objective rather than subjective. Robinson v. Commissioner,78 T.C. 550, 557 (1982); Bodley v. Commissioner,56 T.C. 1357, 1361 (1971); section 1.162-5(b) (1), Income Tax Regs. Such determination is made by comparing the types of tasks and activities the taxpayer *209 was qualified to perform before the education in question and those which he is qualified to perform afterwards. Glenn v. Commissioner,62 T.C. 270, 275 (1974). If substantial differences exist in the tasks and activities of various occupations or employments, then each such occupation or employment constitutes a separate trade or business. Davis v. Commissioner,65 T.C. 1014, 1019 (1976). Petitioner points out that he is still an air traffic controller and that there is no evidence to indicate that he ever has, or will, exercise the privileges granted to him under his commercial pilot's license. Unfortunately, petitioner's argument misses the underlying premise of the objective test required to be used by the regulations. It is not what petitioner does with the education in question, but what it qualifies petitioner to do, that is determinative. As a holder of a commercial pilot certificate with an instrument rating, petitioner is now qualified to act as a pilot in command of an aircraft carrying persons or property for compensation or hire. We are compelled to hold that acquiring a commercial pilot certificate leads to qualification in a new *210 trade or business. [1]
We sympathize with petitioner's position in this case since we do not question the fact that the flight training courses in question helped him become a better air traffic controller. We also recognize that in today's job market it is highly unlikely that petitioner, without additional flight hours, could embark on a career as a commercial pilot. The situations in which petitioner could earn a livelihood are limited, and becoming a commercial pilot may be a detrimental career move for him to make. Nevertheless, his commercial pilot certificate enables him to earn compensation and engage in a trade or business for which he was previously unqualified. We sustain respondent's determination that the flight training expenses are nondeductible. [2]
*211 Decision will be entered for the respondent.
Footnotes
1. We so held in the case of a ground safety school instructor. Roussel v. Commissioner,T.C. Memo. 1979-125↩.
2. Our decision makes it unnecessary to consider the treatment of the benefits petitioner received from the Veterans' Administration. However, it should be noted that under our recent decision of Manocchio v. Commissioner,78 T.C. 989↩ (1982), even if the educational expenses had been deductible, the petitioner would not have been entitled to such deduction to the extent of reimbursement.