**F. M. BISTLINE and Anne Bistline, husband and wife, Appellants,**

v.

**UNITED STATES of America, Appellee.**

No. 15607.

United States Court of Appeals
Ninth Circuit.

June 13, 1958.

Bistline & Bistline, Beverly B. Bistline, Pocatello, Idaho, for appellants.

Charles K. Rice, Asst. Atty. Gen., Carolyn Just, Lee A. Jackson, Melva M. Graney, Louise Foster, Attys., Dept. of Justice, Washington, D. C., Ben Peterson, U. S. Atty., Boise, Idaho, for appellee.

Before STEPHENS, Chief Judge, and POPE and FEE, Circuit Judges.

PER CURIAM.

In this case, the familiar question, as to whether profit from real estate transactions is to be treated as capital gain or as ordinary income, is raised.

The trial court made findings as follows:

"F. M. Bistline is an attorney at law. He was admitted to practice in Idaho, in 1920, and has maintained his own law office since 1923. The net income earned from his legal practice in 1946, was $860; in 1947, $934."

"In 15 separate transactions during 1946, F. M. Bistline sold 34 vacant lots for a net profit of $10,-950.26."

"In 7 transactions during 1947, F. M. Bistline sold 10 vacant lots and a 51.03-acre tract of land for a net profit of $9,033."

"In 12 transactions during 1948, F. M. Bistline sold 54 vacant lots and a tract of land for a net profit of $12,291.74."

"During the past twenty years, F. M. Bistline purchased large numbers of vacant lots and other real estate with the intention of selling them at a profit to any prospective purchaser."

"During the past twenty years F. M. Bistline has frequently and continuously sold a substantial number of vacant lots and other real estate."

"F. M. Bistline was engaged in the real estate business during 1946, 1947 and 1948."

"The properties sold by plaintiffs during 1946, 1947 and 1948 were held by them primarily for sale to customers in the ordinary course of F. M. Bistline's real estate business."

These findings of fact are amply supported by the evidence. The conclusion that such profits were taxable as ordinary income is inescapable. This Court adheres to the rule that such questions are of fact and that the findings of the trial court should be upheld unless clearly erroneous or where, on the record as a whole, it is clear that a mistake has been made. Although we do not consider these binding on the fact situation here, the opinions listed below are illustrative of the approach of the courts to similar problems. See United States v. Beard, 9 Cir., 260 F.2d 81; Bistline v. United States, 9 Cir., 260 F.2d 77; Pool v. Commissioner, 9 Cir., 251 F.2d 233; Achong v. Commissioner, 9 Cir., 246 F.2d 445; Stockton Harbor Industrial Co. v. Commissioner, 9 Cir., 216 F.2d 638; Richards v. Commissioner, 9 Cir., 81 F.2d 369, 106 A.L.R. 249; and see Fowler v. United States, D.C., 154 F.Supp. 859.

Affirmed.