John C. FORD, Petitioner-
Appellee,

v.

COMMISSIONER OF INTERNAL
REVENUE, Appellant.

No. 72–1474.

United States Court of Appeals,
Ninth Circuit.

Nov. 9, 1973.

Scott T. Crampton, Asst. Atty. Gen. (argued), Washington, D. C., for appellant.

John C. Ford, in pro. per., Michael G. Dave, Schlesinger, of Hirschman & Dave, Hollywood, Cal., for petitioner-appellee.

Before GOODWIN and WALLACE, Circuit Judges, and EAST,* District Judge.

PER CURIAM:

The Tax Court sustained a deduction, under Section 162(a) of the Internal Revenue Code of 1954, for the travel, books, and living expenses of a California high-school teacher taking university courses in Norway. 56 T.C. 1300 (1971).

Congress has expressly provided that decisions of the Tax Court shall be reviewed "in the same manner and to the same extent as decisions of the district courts in civil actions tried without a jury * * *." Int.Rev.Code of 1954, § 7482(a). An appellate court cannot set aside a district court's findings of fact unless they are clearly erroneous. Fed.R.Civ.P. 52(a). And, as the Supreme Court said in Commissioner of Internal Revenue v. Duberstein, 363 U.S. 278, 291, 80 S.Ct. 1190, 1200, 4 L.Ed.2d 1218 (1960), the clearly erroneous rule "applies also to factual inferences from undisputed basic facts * * *." *See also* Weyl-Zulkerman & Co. v. Commissioner of Internal Revenue, 232 F.2d 214, 216 (9th Cir. 1956).

In this case the Tax Court majority found that Ford was carrying on his

---

* The Honorable William G. East, Senior United States District Judge for the District of Oregon, sitting by designation.

trade or business of teaching before he left California and while he was in Norway. It also found that his studies in Norway maintained and improved his skills as a high-school teacher. Although reasonable minds can disagree with these findings—in fact, six judges of the Tax Court disagreed—we cannot say that the majority's findings were clearly erroneous, and we cannot set them aside.

■ Accepting the facts as found by the Tax Court, then, we hold that Ford is entitled to a deduction under the rule announced in Furner v. Commissioner of Internal Revenue, 393 F.2d 292 (7th Cir. 1968).

Affirmed.