PAUL R. WASSENAAR, PETITIONER V. COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 5244–77.     Filed September 26, 1979.

*Paul R. Wassenaar,* pro se.
*Karl D. Zufelt,* for the respondent.

SIMPSON, *Judge:* The Commissioner determined a deficiency of $521 in the petitioner's Federal income tax for 1973. The issues for decision are: (1) Whether the petitioner may deduct as an ordinary and necessary business expense the cost of his masters of law degree in taxation; (2) whether such expenses are deductible under section 212(3) of the Internal Revenue Code of 1954,[1] as ordinary and necessary expenses paid in connection with the determination of tax liability; and (3) whether the expenses the petitioner incurred in moving from New York to Detroit to commence employment are deductible under section 217 as a moving expense.

## FINDINGS OF FACT

Some of the facts have been stipulated, and those facts are so found.

The petitioner, Paul R. Wassenaar, maintained his legal residence in La Jolla, Calif., when he filed his petition in this case. He filed his Federal income tax return for 1973 with the Internal Revenue Service at Detroit, Mich.

The petitioner graduated from Wayne State University Law School (Wayne State) in Detroit, Mich., in June 1972. He served on law review while at Wayne State in both 1971 and 1972, and although he was a member of the board of editors, his services were no different from those of any other law review member. His duties included editing legal material, checking sources of legal articles, and writing legal articles. He received compensa-

---

[1]All statutory references are to the Internal Revenue Code of 1954, as in effect during 1973.

tion for such services from Wayne State in the amounts of $845 in 1971 and $1,314 in 1972.

From June to September 1971, the petitioner worked for the law firm of Warner, Norcross & Judd (Warner firm). He prepared legal memorandums, drafted legal documents, and consulted with clients in the presence of an attorney from the firm. He received $2,920 from the Warner firm as compensation for his services that summer.

The petitioner was not employed during the summer following his graduation from law school; instead, he prepared for the Michigan bar, which he took in July 1972. However, he continued to search for employment with a law firm during such period. In October 1972, he passed the bar exam, but he was not formally admitted to the Michigan bar until May of 1973.

In September 1972, the petitioner began courses in the graduate law program in taxation at New York University (NYU), and he graduated with a masters degree in taxation in May 1973. During 1973, he incurred the following expenses in connection with his studies at NYU:

| | |
|---|---:|
| Travel | $96 |
| Meals and lodging | 1,075 |
| Auto expenses | 64 |
| Tuition and books | 1,450 |
| Miscellaneous expenses | 96 |
| Total | 2,781 |

The petitioner's principal residence was Holland, Mich., while he lived in New York to attend NYU during the year in issue. Following his graduation from NYU, the petitioner returned to Detroit to commence employment with the law firm of Miller, Canfield, Paddock & Stone (Miller firm).

From 1963 until his beginning law school at Wayne State, the petitioner held numerous positions and worked for numerous employers. In 1965, he was employed by the Sunday School Guide Publishing Co., the city of Holland, Mich., the Capital Park Motel in Lansing, Mich., and the Motor Wheel Corp. in Lansing, Mich. He worked for the city of Holland, Fleetwood Furniture, and H. J. Heinz Co. in 1966. The petitioner was employed by three employers in 1967—the Klaasen Printing Co., Fleetwood Furniture, and Wiersma Construction Co. In 1968, he worked for General Electric Co., and he worked for Lear Siglar Co. in 1969.

On his Federal income tax return for 1973, the petitioner deducted the expenses he incurred while attending NYU as an employee business expense. In his notice of deficiency, the Commissioner disallowed the deduction on the ground that such expenses were not ordinary and necessary expenses paid or incurred in connection with any trade or business. In his petition, the petitioner has set forth a claim that he is entitled to deduct $919 as the cost of his moving from New York to Detroit to begin working with the Miller firm.

OPINION

The first issue for decision is whether the petitioner may deduct as an ordinary and necessary expense incurred in his trade or business the expense for tuition, books, meals, lodging, and other miscellaneous items paid by him while he obtained his masters degree in taxation.

The petitioner contends that for more than 10 years prior to 1973, he was in a trade or business of "rendering his services to employers for compensation." He contends that he was engaged in the trade or business of "analyzing and solving legal problems for compensation" while he worked on the law review at Wayne State, while he worked for the Warner firm, and later while he worked for the Miller firm. He maintains that the graduate courses in taxation helped maintain and improve his skills in that work. On the other hand, the Commissioner takes the position that the petitioner never began the practice of law until the summer of 1973 and that his attendance at NYU was merely the completion of his program of education preparatory to the practice of law. In the alternative, the Commissioner argues that the petitioner's expenses for travel and meals and lodging are not deductible since he was not "away from home" while attending NYU.

Section 162(a) allows a deduction for all the ordinary and necessary expenses of carrying on a trade or business, including amounts expended for education. Deductible educational expenses under section 162(a) may include expenditures for tuition and books as well as amounts for travel and meals and lodging while the taxpayer is away from home. (Sec. 1.162–5(e)(1), Income Tax Regs.) Section 1.162–5(a)(1), Income Tax Regs., expressly allows a deduction for those educational expenditures which maintain or improve skills "required by the individual in

his employment or other trade or business." Whether education maintains or improves skills required by the taxpayer in his trade or business is a question of fact (*Baker v. Commissioner*, 51 T.C. 243, 247 (1968)), and the burden of proof is on the petitioner (Rule 142, Tax Court Rules of Practice and Procedure; *Carroll v. Commissioner*, 51 T.C. 213, 217 (1968), affd. 418 F.2d 91 (7th Cir. 1969)). Moreover, the taxpayer must be established in the trade or business at the time he incurs an educational expense to be able to deduct such expense under section 162. See *Jungreis v. Commissioner*, 55 T.C. 581, 588 (1970).

The petitioner artfully attempts to characterize his trade or business as "analyzing and solving legal problems for compensation," and he received compensation for the performance of such services. Nevertheless, it is clear that the petitioner's intended trade or business at the time he attended NYU was that of an attorney, with an emphasis on the law of taxation. We observe that he enrolled in the masters in taxation program at NYU directly from law school, and there was thus an uninterrupted continuity in his legal education. (*Baker v. Commissioner, supra* at 247.) Although the work the petitioner performed before his graduation from law school and NYU was admittedly of a legal nature, such work in no way constituted his being engaged in the practice of law. Before his admission to the bar in May of 1973, he was not authorized to practice law as an attorney. Therefore, his expenses at NYU were not incident to the trade or business of practicing law, and thus, he was not maintaining or improving the skills of that profession within the purview of section 1.162–5(a)(1), Income Tax Regs. See, e.g., *Fielding v. Commissioner*, 57 T.C. 761 (1972) (medical school graduate was denied a business expense deduction for tuition cost of his residency since expenses were not incident to any profession that he previously practiced); *Horodysky v. Commissioner*, 54 T.C. 490 (1970) (taxpayer who had been a lawyer in Poland was denied a business expense deduction for cost of obtaining an American law school degree since he had no previous employment as a lawyer in this country).

Moreover, although the petitioner completed the requirements for admission to the bar in 1972, he was not formally admitted until May of 1973, and until that time, he could not engage in the practice of law. It is a well-established principle that being a member in good standing of a profession is not tantamount to

*carrying on* that profession for the purpose of section 162(a). *Ford v. Commissioner,* 56 T.C. 1300, 1304 (1971), affd. per curiam 487 F.2d 1025 (9th Cir. 1973); *Corbett v. Commissioner,* 55 T.C. 884, 887 (1971); *Owen v. Commissioner,* 23 T.C. 377 (1954).

Because the petitioner had not practiced law as an attorney before his attendance at NYU, his situation is not analogous to that of other professionals who have been allowed educational expense deductions under section 162(a). In such cases, the taxpayer was already firmly established in his profession and was truly taking courses or attending a seminar for the purpose of maintaining or improving the skills of his profession. See *Coughlin v. Commissioner,* 203 F.2d 307 (2d Cir. 1953), revg. and remanding 18 T.C. 528 (1952) (attorney allowed business deduction for expenses incurred in attending NYU Tax Institute seminar); *Bistline v. United States,* 145 F. Supp. 802 (E.D. Idaho 1956), affd. per curiam on another issue 260 F.2d 80 (9th Cir. 1958) (attorney allowed a business deduction for expenses incurred in attending 2-week course in Federal taxation at the Practicing Law Institute); *Watson v. Commissioner,* 31 T.C. 1014 (1959) (doctor specializing in internal medicine allowed deduction under earlier regulations for courses in psychiatry since such courses helped him to better understand psychosomatic illnesses); *Furner v. Commissioner,* 393 F.2d 292 (7th Cir. 1968), revg. 47 T.C. 165 (1966) (teacher who took year off to secure masters degree was still carrying on a trade or business and allowed to deduct educational expenses); see also sec. 1.162–5(c), Income Tax Regs.

In addition, the petitioner is also denied a deduction for his expenses at NYU by section 1.162–5(b)(3), Income Tax Regs., which provides that educational expenses are not deductible if the education "is part of a program of study being pursued by him which will lead to qualifying him in a new trade or business." The petitioner's attendance at NYU was part of his "program of study" of becoming a lawyer, a trade or business in which he was not previously engaged before his attendance there. After his admission to the bar in May of 1973 and his completion of the program at NYU, he was authorized to and began the practice of law, a wholly different trade or business from any in which he had been previously engaged. Cf. *Diaz v. Commissioner,* 70 T.C. 1067 (1978), affd. 607 F.2d 995 (2d Cir. 1979).

The petitioner is also not entitled to an educational expense deduction on the theory that he was engaged in the trade or business of "rendering his services to employers for compensation." It is a well-established principle that educational expenses must bear a direct and proximate relation to the taxpayer's trade or business. *Kornhauser v. United States,* 276 U.S. 145, 153 (1928); *Schwartz v. Commissioner,* 69 T.C. 877, 889 (1978); *Carroll v. Commissioner, supra.* In *Carroll v. Commissioner,* 51 T.C. at 215, this Court stated that it is not sufficient that "the petitioner's education is helpful to him in the performance of his employment." The education must be more than tenuously related to the skills required in the taxpayer's occupation; it must be proximately related to such skills. We cannot accept the petitioner's argument that courses in the more advanced fields of tax law have any proximate relation to his past employment with the Sunday School Guide Publishing Co., Fleetwood Furniture, or the Capital Park Motel—some of his employers as many as 7 years before his attendance at NYU.

In support of his position, the petitioner cites the case of *Primuth v. Commissioner,* 54 T.C. 374, 377 (1970), in which this Court recognized "that a taxpayer may be in the trade or business of being an employee." However, *Primuth* simply held that a fee expended to secure employment is deductible as a business expense under section 162. The case did not involve a claim for an educational expense deduction, and thus, it offers no support for the petitioner's position. Accordingly, we hold that the petitioner's expenses in obtaining a masters of law degree in taxation are not deductible as an ordinary and necessary business expense since he was not engaged in the trade or business of being an attorney at the time such expenses were incurred and since, therefore, he was not maintaining or improving the skills of such trade or business. Such expenses are nondeductible personal expenses. (Sec. 262.) Therefore, it is unnecessary to consider the Commissioner's alternative argument that the petitioner's expenses for travel and meals and lodging are not deductible since he was not "away from home" while attending NYU.

The second issue for consideration is whether the petitioner's expenses of attending NYU are deductible under section 212 as:

ordinary and necessary expenses paid or incurred during the taxable year—

\*　　\*　　\*　　\*　　\*　　\*　　\*

(3) in connection with the determination, collection, or refund of any tax.

The petitioner contends that the expenses he incurred at NYU in obtaining a masters degree in taxation are deductible under such section because the courses he took assisted him in preparing his Federal income tax return. Although the Commissioner admits that the petitioner's courses in taxation at NYU assisted him in preparing his tax return and determining the amount due, he contends that the petitioner's expenses in this regard were not "ordinary and necessary." We must agree with the Commissioner.

To be deductible under section 212, any expenses must meet the ordinary and necessary test. (Sec. 1.212–1(d), Income Tax Regs.) Thus, the expenses "must be reasonable in amount and must bear a reasonable and proximate relation" to the purpose for the expenditure. Sec. 1.212–1(d), Income Tax Regs.; see, e.g., *Commissioner v. Flowers*, 326 U.S. 465 (1946); *Limericks, Inc. v. Commissioner*, 165 F.2d 483, 484 (5th Cir. 1948), affg. 7 T.C. 1129 (1946). It strains our credulity to conclude that the petitioner's total expenses of $2,781 incurred while attending NYU are reasonable in amount or bear any reasonable relationship to the preparation of his tax return. Moreover, section 1.212–1(f), Income Tax Regs., provides: "Among expenditures not allowable as deductions under section 212 are the following: \* \* \* expenses of taking special courses or training." The petitioner's expenditures at NYU clearly constitute "special courses" and are nondeductible pursuant to section 1.212–1(f), Income Tax Regs., as well.[2] Accordingly, we hold that the petitioner's educational expenses are not deductible under section 212(3).

The last issue for consideration is whether the expenses incurred by the petitioner in moving from New York to Detroit to commence employment are deductible under section 217 as a moving expense. Section 217 provides in part:

(a) DEDUCTION ALLOWED.—There shall be allowed as a deduction moving expenses paid or incurred during the taxable year in connection with the commencement of work by the taxpayer as an employee or as a self-employed individual at a new principal place of work.

(b) DEFINITION OF MOVING EXPENSES.—

---

[2] The petitioner does not argue that his educational expenses are deductible under sec. 1.212–1(l), Income Tax Regs., as an expense paid "in connection with any proceedings involved in determining the extent of tax liability or in contesting his tax liability."

(1) IN GENERAL.—For purposes of this section, the term "moving expenses" means only the reasonable expenses—

(A) of moving household goods and personal effects from the former residence to the new residence,

(B) of traveling (including meals and lodging) from the former residence to the new place of residence,

Section 1.217–2(b)(8), Income Tax Regs., provides in part:

(8) *Residence.* The term "former residence" refers to *the taxpayer's principal residence* before his departure for his new principal place of work. The term "new residence" refers to the taxpayer's principal residence within the general location of his new principal place of work. * * * [Emphasis supplied.]

The petitioner contends that the expenses he incurred in moving from New York to Detroit are deductible under section 217 because he moved more than 35 miles from his former residence and because he was a full-time employee following such move. However, he conceded on brief that "prior to his move to Detroit, Michigan, Taxpayer's principal residence was Holland, Michigan and Petitioner's temporary residence away from home was New York, New York." Therefore, pursuant to section 1.217–2(b)(8), Income Tax Regs., the petitioner's expenses of moving from New York City to Detroit are not deductible since he conceded that New York was not his *principal residence.*

In conclusion, we hold that the petitioner's educational expenses are not deductible under section 162 since he was not engaged in a trade or business of being an attorney at the time he incurred such expenses, that his educational expenses are not deductible under section 212(3) since such expenses were not reasonable in amount and did not bear a reasonable relationship to the alleged purpose for the expenditure, and that the petitioner may not deduct his moving expenses from New York to Detroit since he admitted that New York was not his principal residence before the move.

*Decision will be entered for the respondent.*