MICHAEL F. GALBREATH, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Galbreath v. Commissioner
Docket No. 1060-81.
United States Tax Court
T.C. Memo 1982-540; 1982 Tax Ct. Memo LEXIS 201; 44 T.C.M. (CCH) 1163; T.C.M. (RIA) 82540; September 21, 1982. *201 Petitioner, an air traffic controller, took flight training courses that culminated in his receiving a private pilot's license and instrument rating certification. Held, the private pilot's course maintained and improved his skills as an air traffic controller and therefore that cost of such course is deductible as an educational expense. Held further, the instrument rating course maintained and improved his skills but its cost is nondeductible as an educational expense because the training qualified him for a new trade or business. Sec. 1.162-5(b) (3), Income Tax Regs.
Terry S. Shilling, for the petitioner. Richard S. Bloom, for the respondent. STERRETT
MEMORANDUM FINDINGS OF FACT AND OPINION STERRETT, Judge: *202 By notice of deficiency dated October 16, 1980, respondent determined deficiencies in petitioner's Federal income taxes for the taxable years 1976 and 1977 in the amounts of $285 and $2,494, respectively. The issues for decision are: (1) whether expenses incurred by Mr. Galbreath for flight training during the years in question are deductible as educational expenses; and (2) if such expenses are so deductible, whether the deduction must be reduced to the extent Mr. Galbreath was reimbursed for such expenses by nontaxable benefits from the Veterans' Administration. FINDINGS OF FACT Some of the facts have been stipulated and are so found. The stipulation of facts and exhibits attached thereto are incorporated herein by this reference. Petitioner resided in Oberlin, Ohio at the time of filing the petition herein. He filed individual Federal income tax returns for the taxable years 1976 and 1977 with the Internal Revenue Service Center, Cincinnati, Ohio. During the years 1976 and 1977, petitioner was employed by the Federal Aviation Administration as an air traffic control specialist. In this capacity, he was responsible for the safe, orderly and expeditious flow of air traffic *203 over an assigned area. The Federal Aviation Administration provided petitioner with on-the-job training as an air traffic control specialist. During 1976 and 1977, petitioner was enrolled in a private pilot's course at Midwest Aviation, Inc. This course led to petitioner's receiving his private pilot certificate on May 19, 1977. Petitioner then was enrolled from May 19, 1977 to October 6, 1977 in a course entitled "Commercial." Upon completion of that course, petitioner received his instrument rating certification. The costs of these courses were $770 in 1976 and $7,039 in 1977. Of these expenses, $1,192.10 was attributable to the private pilot's course and the remaining $6,616.90 was attributable to the course for which petitioner received his instrument rating certification. Petitioner received reimbursement from the Veterans' Administration in the amount of $5,955.21 during 1977 for his expenses related to the instrument rating course. It is stipulated that pilot training and instrument rating certification are not required in order for one to be an air traffic control specialist. Petitioner stated at trial that his primary reason for taking these courses was to upgrade *204 his ability as an air traffic controller. On his Federal income tax returns for 1976 and 1977, petitioner deducted as educational expenses $780 and $7,039, respectively. In his notice of deficiency, respondent disallowed these deductions in their entirety on the ground that it had not been established that the expenses were incurred primarily to maintain or improve skills required in petitioner's employment in 1976 and 1977. Alternatively, respondent asserted that, if the amounts claimed are determined to qualify as educational expenses, such expenses still should be disallowed to the extent petitioner was reimbursed by the Veterans' Administration for such courses. OPINION Section 162(a), I.R.C. 1954, allows a deduction for all ordinary and necessary expenses paid or incurred by a taxpayer during the taxable year in carrying on his trade or business. Since the statute does not address directly educational expenses, the regulations take on an added significance. Bradley v. Commissioner,54 T.C. 216, 218 (1970). Section 1.162-5(a), Income Tax Regs., sets forth objective criteria for determining whether amounts expended for education are ordinary and necessary *205 expenses incident to a taxpayer's trade or business. As a general rule, educational expenses are deductible if the education maintains or improves the skills required by the taxpayer in his employment or other trade or business, or if the education meets the express requirements of the taxpayer's employer imposed as a condition to the retention of his employment relationship, status, or rate of compensation. Sec. 1.162-5(a), Income Tax Regs. However, a deduction is not allowable, even though the education maintains or improves skills, or is expressly required by an employer, if such education is part of a program which will lead to qualifying the taxpayer in a new trade or business. Sec. 1.162-5(b), Income Tax Regs.
Since it was stipulated that pilot training and instrument rating certification are not requirements of an air traffic controller, petitioner must establish, in the first instance, that the flight training courses maintained or improved the skills required in his occupation to be entitled to a deduction. Petitioner contends that he took the courses primarily to provide himself with an understanding of what the pilots he was hired to service were doing so that he *206 might tailor his communications accordingly. He testified that flight training was encouraged by the Federal Aviation Administration and that the knowledge he acquired improved his performance as an air traffic controller. In support of this assertion, petitioner related to this Court several examples of how his knowledge of an experience in handling airplanes obtained from these courses enabled him, as an air traffic controller, to help people in trouble and better perform his duties. Respondent, however, contends that the Federal Aviation Administration provided petitioner with the training needed to perform his occupation as an air traffic controller, and that the courses in question did not maintain or improve skills required in his trade or business. Whether education maintains or improves skills required by the taxpayer in his employment must be determined from all the facts and circumstances involved. Boser v. Commissioner,77 T.C. 1124, 1131 (1981); Baker v. Commissioner,51 T.C. 243, 247 (1968). Petitioner has the burden of proof to establish that he is entitled to such deductions. Wassenaar v. Commissioner,72 T.C. 1195, 1199 (1979). *207 In order to satisfy this burden, petitioner must show that there was a direct and proximate relationship between the flight training courses taken by him and the skills required in his employment as an air traffic controller. Boser v. Commissioner,supra;Carroll v. Commissioner,51 T.C. 213, 218 (1968), affd. 418 F.2d 91 (7th Cir. 1969). A precise correlation is not necessary, and the educational expenditure need not be for training which is identical to petitioner's prior training so long as it enhances existing employment skills. Boser v. Commissioner,supra;Lund v. Commissioner,46 T.C. 321, 331-332 (1966). Because the question of whether the flight training courses maintained or improved petitioner's skills as an air traffic controller is essentially factual, previously decided cases are of little precedential value. We have examined the cases relied upon by respondent and find each one sufficiently distinguishable on its facts so that none controls the instant case.Petitioner described how in several instances his flight training helped him to better perform his duties as an air traffic *208 controller. Based on his credible testimony in this respect, we believe that there is a sufficient nexus between flight training and the skills required of an air traffic controller. Since an air traffic controller offers direct assistance to pilots in the air, a knowledge of flight capabilities of aircraft would appear to be invaluable in emergency situations. Thus, we hold that the flight training courses taken by petitioner maintained and improved his skills as an air traffic controller. However, even though there was a direct and proximate relationship between the flight training courses and the skills required of an air traffic controller, a deduction for educational expenses is not allowable if such education will lead to qualifying petitioner for a new trade or business. Sec. 1.162-5(b) (3), Income Tax Regs. Qualification, in this instance, contemplates not only the actual entering into a new trade or business but also the mere capacity to do so. Weiszmann v. Commissioner,52 T.C. 1106, 1111 (1969), affd. per curiam 443 F.2d 29 (9th Cir. 1971). An individual might continue his activities in his existing trade or business and never enter into *209 the new one for which he has qualified. Nevertheless, his educational expenses in merely becoming qualified for a new trade or business are nondeductible. Thus, if the flight training courses taken by petitioner qualify him for a new trade or business, his educational expenses are nondeductible even though he continues in his profession as an air traffic controller. The standard for determining whether education qualifies a taxpayer for a new trade or business is objective rather than subjective. Robinson v. Commissioner,78 T.C. 550, 557 (1982); Bodley v. Commissioner,56 T.C. 1357, 1361 (1971); section 1.162-5(b) (1), Income Tax Regs. Such determination is made by comparing the types of tasks and activities the taxpayer was qualified to perform before the education in question and those which he is qualified to perform afterwards. Glenn v. Commissioner,62 T.C. 270, 275 (1974). If substantial differences exist in the tasks and activities of various occupations or employments, then each such occupation or employment constitutes a separate trade or business. Davis v. Commissioner,65 T.C. 1014, 1019 (1976). *210 Petitioner points out that the instrument rating which he received did not by itself qualify him for a new trade or business. However, the regulations also they a deduction for expenditures "for education which is part of a program of study * * * which will lead to qualifying him in a new trade or business." Section 1.162-5(b) (3), Income Tax Regs. The course which petitioner took entitled "Commercial" included specific maneuvers which are needed for a commercial pilot certification. Although petitioner did not actually receive his commercial pilot certification in the years in question, he did fulfill many of the requirements for obtaining such certification. It is not necessary that every requirement for qualification in a new trade or business be satisfied in order for a deduction to be disallowed. [1] In the present case, petitioner's education certainly formed part of the program leading to qualification as a commercial pilot. We held in a companion case [2] that the occupation of a commercial pilot is a separate trade or business from that of an air traffic controller, and here again we sustain respondent's determination that the $6,616.90 attributable to the "Commercial" course *211 is nondeductible. [3]
With respect to the private pilot's course, we believe that petitioner is entitled to a deduction for the $1,192.10 expended. This conclusion is based on the fact that a private pilot's license does not, by itself, qualify or lead to qualifying an individual for a new trade or business. Many people each year take flight training to become private pilots simply for their personal enjoyment. A private pilot's license is thus *212 an end in and of itself rather than an integral part of a program leading to commercial pilot certification. Since petitioner did not receive any reimbursement from the Veterans' Administration for the amounts spent obtaining his private pilot certification, the entire $1,192.10 is deductible. Accordingly, Decision will be entered under Rule 155.
Footnotes
1. Olsen v. Commissioner,T.C. Memo. 1981-616↩ (cost of education which led towards qualifying a taxpayer to sit for a C.P.A. examination was not deductible despite the fact that he never intended to take the exam or to practice public accounting). 2. Hinton v. Commissioner,T.C. Memo. 1982-539↩. 3. Our decision makes it unnecessary to consider the treatment of the benefits petitioner received from the Veterans' Administration. However, it should be noted that under our recent decision of Manocchio v. Commissioner,78 T.C. 989↩ (1982), even if the educational expenses had been deductible, the petitioner would not have been entitled to such deduction to the extent of reimbursement.