JOHN S. RANCE and JEANNIE S. RANCE, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Rance v. Commissioner
Docket No. 13913-80.
United States Tax Court
T.C. Memo 1983-129; 1983 Tax Ct. Memo LEXIS 654; 45 T.C.M. (CCH) 956; T.C.M. (RIA) 83129; March 14, 1983. John E. Judge, for the petitioners. Christine B. Barish, for the respondent. NIMS
MEMORANDUM OPINION NIMS, Judge: Respondent determined a deficiency in petitioners' Federal income taxes for the year 1977 of $1,311. Due to concessions, the issue remaining for decision is whether petitioners may deduct the cost of attending law school as a business expense. All of the facts have been stipulated and are found accordingly. Petitioners John S. Rance (hereinafter "Rance") and Jeannie S. Rance, husband and wife, resided at Huntington Beach, California, at the time they filed the petition. During 1977, Rance was employed as an investigator for the State of California. In 1977, Rance incurred and paid $2,840 of expenses in *655 connection with taking courses at a school of law. On their 1977 tax return, petitioners deducted this amount as an ordinary and necessary business expense. In his statutory notice of deficiency, respondent disallowed this deduction on the ground that the law school courses would lead to qualification of Rance for a new trade or business. Section 162(a) [1] allows a deduction for all ordinary and necessary expenses of carrying on a trade or business. Section 1.162-5(a), Income Tax Regs., permits the deduction of education expenses, subject to certain exceptions, as business expenses if the education was undertaken to meet the express requirements of the taxpayer's employer or if it maintained or improved the skills required by the tax-payer in his employment or other trade or business. One of the exceptions to the deductibility of educational expenses under section 1.162-5(a), Income Tax Regs., is that education expenses "made by an individual for education which is part of a program of study being pursued by him which will lead to qualifying him in a new trade or business" are not deductible. Section 1.162-5(b)(3)(i), Income Tax Regs.
*656 Petitioners argue that the legal courses Rance took in 1977 are not "part of a program of study * * * which will lead to qualifying him in a new trade or business" because Rance did not complete the whole law school curriculum in 1977. In addition, petitioners contend that admission to the bar alone qualifies one for practicing law and that Rance was not admitted to the bar until later years. There is absolutely no merit to petitioners' arguments. This Court has consistently disallowed education deductions taken by non-lawyers for attending law school. See, e.g., Bodley v. Commissioner,56 T.C. 1357 (1971); Weiler v. Commissioner,54 T.C. 398 (1970); Bradley v. Commissioner,54 T.C. 216 (1970); Weiszmann v. Commissioner,52 T.C. 1106 (1969), affd. per curiam 443 F.2d 29 (9th Cir. 1971). In each of the above-cited cases, the taxable year before the Court was a year prior to the taxpayer's graduating from law school and prior to the taxpayer's passing the bar. Nevertheless, we held that the early years of law school were part of a course of study which would lead to qualification in a new trade *657 or business.For the reasons stated in the above-cited cases, we hold that Rance's courses were part of a program which would lead to qualifying him in a new trade or business. Wassenaar v. Commissioner,72 T.C. 1195 (1979), prominently cited by petitioners, mandates no different result. In Wassenaar a law school graduate who was not yet admitted to the bar sought to deduct the cost of a masters program in taxation as a business educational expense. We denied the deduction on the grounds that at the time the taxpayer took the masters courses he was not yet in the trade or business of being an attorney; consequently, the courses did not maintain or improve his skills in an existing trade or business and were part of a program of study leading to his entering a new trade or business. Wassenaar, therefore, supports respondent, not petitioners. On the authority of the cases cited above, we hold petitioners' educational expense business deduction for the cost of attending law school is not allowable.
Decision will be entered under Rule 155.
Footnotes
1. Unless otherwise indicated, all section references are to the Internal Revenue Code of 1954, as in effect during the year in issue.↩