DELLA T. McENEANEY, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
McEneaney v. Commissioner
Docket No. 16161-80.
United States Tax Court
T.C. Memo 1983-347; 1983 Tax Ct. Memo LEXIS 438; 46 T.C.M. (CCH) 453; T.C.M. (RIA) 83347; June 14, 1983. *438 Petitioner was employed as an administrative assistant from January through September of 1977 and was not employed during the remainder of the year. During the entire year 1977 she undertook a general college education as a psychology major which led to her ultimately receiving a Bachelor of Arts degree in May of 1978. Held, the costs of the courses taken during 1977 are not deductible since petitioner failed to prove that such education maintained or improved the skills required in her employment as an administrative assistant and the courses taken by petitioner were part of a program which led to qualifying her for a new trade or business. Della T. McEneaney, pro se. William F. Halley, for the respondent. STERRETT
MEMORANDUM FINDINGS OF FACT AND OPINION STERRETT, Judge: By notice of deficiency dated July 23, 1980, respondent determined a deficiency of $179 in petitioner's Federal income tax for the taxable year 1977. After concessions, the sole issue for decision is whether educational expenses incurred by petitioner in attending college classes during the year in question are deductible as a business expense under section 162(a), I.R.C. 1954, or whether the education was personal so that a deduction for the expenses is denied by section 262. FINDINGS OF FACT Some of the facts have been stipulated and are so found. The stipulation of facts and exhibits attached thereto are incorporated herein by this reference. Petitioner Della T. McEneaney resided in Lyndhurst, New Jersey at the time of filing the petition herein. She timely filed her Federal income tax return for the taxable year 1977 with the Internal Revenue Service at an undisclosed location. During the period from January *440 through September of 1977, petitioner was employed as a full-time administrative assistant with the Social Science Research Council, a non-profit organization that granted followships and grants to students and conducted seminars for political scientists, psychologists and historians. Petitioner's duties with the Social Science Research Council were secretarial and administrative in nature. Although petitioner's position required "some college," which generally meant at least 2 years, her employer did not require her to take any particular courses. Petitioner's employment with the Social Science Research Council ended in September of 1977 and from that time through the end of the year she was not employed. During the entire year 1977 and the spring semester of 1978, petitioner attended Fairleigh Dickinson University at its Rutherford, New Jersey campus. She graduated from Fairleigh Dickinson University in May of 1978 with a Bachelor of Arts degree in psychology. During the spring and summer semesters of 1977, petitioner took the following courses: Spring Semester
Course Name
Course No.
No. of Credits
House and Garden Plants
BI451
1
Common Diseases of Man
BI453
1
Food and Pollution
BI455
1
Group Development
PY107
3
Psychology Seminar
PY208
3
Washington to Lincoln
HI480
3
Total credits
12
*441 Summer Semester
Course Name
Course No.
No. of Credits
Abnormal Psychology
PY205
3
Tuition and fees for the above courses were as follows: Spring Semester
Tuition (at $80 per credit)
$ 960.00
General fee
42.50
Lab fee
12.00
Misc. fee
12.50
$1,027.00
Summer Semester
Tuition (at $80 per credit)
$ 240.00
General fee
5.00
$ 245.00
The above tuition and fees for the spring and summer semesters of 1977 were paid as follows: 1/19/77
Payment by petitioner
$ 519.50
4/18/77
Payment by petitioner
252.50
4/18/77
New Jersey State Tuition
Aid grant
500.00
$1,272.00
With respect to the spring semester, petitioner was reimbursed a portion of her expenses by her employer. Petitioner deducted the amount of $200.45 paid by her for which she was not reimbursed. With respect to the summer semester, the $245 of tuition and fees paid by petitioner was not reimbursed by anyone; however, petitioner deducted no part of this amount on her 1977 return. During the fall semester of 1977 petitioner took the following courses: Course Name
Course No.
No. of Credits
Shakespeare
EN219
3
Elementary French I
LF101
3
Elementary German I
LG101
3
Experimental Psychology
PY207
3
Total credits
12
*442 Tuition and fees for the above courses were as follows: Tuition (at $85 per credit)
$1,020.00
General fee
42.50
Lab fee
42.00
Misc. fee
23.00
$1,127.50
Of the $1,127.50 expended for tuition and fees for the fall semester, $500 was paid by a New Jersey State Tuition Aid Grant. The remaining $627.50 was paid by petitioner during 1977 and not reimbursed by anyone. Petitioner deducted this amount on her 1977 return. Additionally, petitioner also deducted $70.05 for books she purchased from the Fairleigh Dickinson University Book Store for the fall semester. Neither the State of New Jersey nor petitioner's employer paid for any specific courses during the year in question. Instead, they just paid a portion of the trial tuition and fees incurred for all the courses taken. In January of 1978 petitioner took a position at McGraw-Hill as an administrative assistant. She was hired by McGraw-Hill with the understanding that she would be receiving her bachelor's degree in May of 1978. Petitioner remained at McGraw-Hill for almost 3 years. She is presently employed as an editorial assistant. On her Federal income tax return for 1977, petitioner deducted *443 $898 as educational expenses for "Tuition and Books," consisting of $200.45 for unreimbursed tuition and fees from the spring semester, $627.50 for unreimbursed tuition and fees from the fall semester, and $70.05 for books for the fall semester. In his notice of deficiency, respondent disallowed these deductions in their entirety. OPINION Section 162(a) allows a deduction for all ordinary and necessary expenses paid or incurred by a taxpayer during the taxable year in carrying on his trade or business. Since the statute does not address directly educational expenses, the regulations take on an added significance. Bradley v. Commissioner,54 T.C. 216, 218 (1970). Section 1.162-5(a), Income Tax Regs., sets forth objective criteria for determining whether amounts expended for education are ordinary and necessary expenses incident to a taxpayer's trade or business. As a general rule, educational expenses are deductible if the education maintains or improves the skills required by the taxpayer in his employment or other trade or business, or *444 if the education meets the express requirements of the taxpayer's employer imposed as a condition to the retention of his employment relationship, status, or rate of compensation. Sec. 1.162-5(a), Income Tax Regs. However, a deduction is not allowable, even though the education maintains or improves skills, or is expressly required by an employer, if such education is part of a program which will lead to qualifying the taxpayer in a new trade or business. Sec. 1.162-5(b), Income Tax Regs.
The record here shows that the Social Science Research Council, petitioner's employer from January through September of 1977, did not require her to take any courses during the spring and summer semesters and petitioner was not employed during the fall semester. Therefore, in order for petitioner's educational expenses to be deductible, she must show that the education undertaken maintained or improved the skills required in her employment. Whether education maintains or improves skills required by the taxpayer in her employment must be determined *445 from all the facts and circumstances involved. Boser v. Commissioner,77 T.C. 1124, 1131 (1981); Baker v. Commissioner,51 T.C. 243, 247 (1968). Petitioner has the burden of proof to establish that she is entitled to such deductions. Wassenaar v. Commissioner,72 T.C. 1195, 1199 (1979). In order to satisfy this burden, petitioner must show that there was a direct and proximate relationship between the college courses taken by her and the skills required in her employment as an administrative assistant. Boser v. Commissioner,supra;Carroll v. Commissioner,51 T.C. 213, 218 (1968), affd. 418 F.2d 91 (7th Cir. 1969). The question of whether the college courses taken by petitioner maintained or improved her skills as an administrative assistant is essentially factual and necessarily involves a course-by-course analysis. Examining each course individually, we find that petitioner failed to show that any of the courses taken were proximately related to her job activity. Petitioner offered specific testimony with regard to only one course, the Psychology Seminar, which she stated *446 helped her in her dealings with students and professors. However, we believe that such a relationship is simply too tenuous for the costs of such course to be deductible under section 162(a). While there may be some relationship between the college courses taken by petitioner and her work as an administrative assistant, in our view there is not the necessary proximate relationship for the expenses for her general college education to be business rather than personal expenses.As we stated in the Carroll case: A general college education, such as that undertaken by the petitioner, may not be as clearly a personal expense as an elementary education, but it seems to us that both are essentially the same type of expense. Millions of people must secure a general college education before they commence their life's employment, and it is generally accepted that obtaining such education is a personal responsibility in preparing for one's career. Should the result be any different for the man two goes to college after commencing work? Though his perseverance is to be admired, we do not believe that he should receive tax deductions not available to those who complete their general *447 college preparation before beginning their career. Furthermore, a general college education has more than economic utility. It broadens one's understanding and increases his appreciation of his social and cultural environment. [Carroll v. Commissioner,51 T.C. at 216.] Furthermore, the courses taken by petitioner were part of a program which ultimately led to her receiving a Bachelor of Arts degree in psychology. Resondent asserts, and we agree, that this degree qualified petitioner to enter into many new trades or businesses. Accordingly, petitioner's educational expenses are rendered nondeductible, regardless of their relationship to her position as an administrative assistant. Sec. 1.162-5(b), Income Tax Regs.
The standard for determining whether education qualifies a taxpayer for a new trade or business is objective rather than subjective. Robinson v. Commissioner,78 T.C. 550, 556 (1982); Bodley v. Commissioner,56 T.C. 1357, 1361 (1971); sec. 1.162-5(b)(1), Income Tax Regs. *448 Such determination is made by comparing the types of tasks and activities the taxpayer was qualified to perform before the education in question and those which he is qualified to perform afterwards. Glenn v. Commissioner,62 T.C. 270, 275 (1974). If substantial differences exist in the tasks and activities of various occupations or employments, then each such occupation or employment constitutes a separate trade or business. Davis v. Commissioner,65 T.C. 1014, 1019 (1976). In today's competitive job market, many trades or businesses require a bachelor's degree as the minimum entry-level qualification. Indeed, petitioner obtained her position with McGraw-Hill in the beginning of 1978 with the understanding that she would be receiving her bachelor's degree in May of that year. The record in this case indicates that in 1977 petitioner was primarily a student acquiring a degree in order to have broader fields of employment opened to her, as well as for her general improvement. Accordingly, we sustain respondent's determination that the $898 attributable to the college courses taken in 1977 is nondeductible. Decision will be entered under *449 Rule 155.