MARTIN S. FRANKEL, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Frankel v. Commissioner
Docket No. 8260-80.
United States Tax Court
T.C. Memo 1984-103; 1984 Tax Ct. Memo LEXIS 567; 47 T.C.M. (CCH) 1208; T.C.M. (RIA) 84103; March 5, 1984. Martin S. Frankel, pro se. James V. Moroney, for the respondent. HAMBLEN
MEMORANDUM FINDINGS OF FACT AND OPINION HAMBLEN, Judge: Respondent determined a deficiency in the amount of $483.00 in petitioner's 1977 individual Federal income tax. The sole issue for determination is whether petitioner is entitled to a business expense deduction under section 162(a) [1] for educational expenses. Some of the facts have been stipulated and are found accordingly. The stipulation of facts and attached exhibits *568 are incorporated herein by this reference. Petitioner resided in New York, New York, when he timely filed his individual 1977 Federal income tax retuan with the Internal Revenue Service Center at Holtsville, New York, and resided in University Heights, Ohio, when he filed his petition in this case. Petitioner was graduated from Ohio State University College of Law and was awarded the degree of Juris Doctorate ("J.D.") in December of 1975. Petitioner sat for the Ohio Bar Examination in February of 1976. Thereafter, he moved to Alaska, where he was employed as a law clerk by a law firm in Anchorage from March through May of 1976. In July of 1976, petitioner was admitted to practice law in Ohio. At no time was petitioner admitted to practice law in Alaska. From September of 1976 through May of 1977, petitioner attended the graduate law program at New York University School of Law ("N.Y.U.") in New York City, earning a Master of Laws in Taxation, awarded in May of 1977. During the period beginning with his termination of employment in Alaska in May of 1976 and ending with his graduation from N.Y.U. in May of 1977, petitioner was not an employee of any law firm or business *569 entity. His legal work in an individual capacity during this period consisted solely of unpaid help to a friend buying a home. Petitioner incurred $2,235.00 in travel, meal, and lodging expenses while attending N.Y.U. during 1977. On his 1977 tax return, petitioner deducted $2,285.00, attributable to these expenses. [2] On his schedule of employee business expenses (Form 2106) attached to his return, petitioner stated that his reason for obtaining additional education at N.Y.U. was "to [be] better able to continue practice of law." In his notice of deficiency, respondent disallowed the deduction for lack of substantiation. In pleadings, at trial, and on brief, respondent further asserted that, even if substantiated, the claimed amounts were not deductible *570 because they did not constitute ordinary and necessary business expenses within the meaning of section 162(a). Section 162(a) provides in relevant part: (a) IN GENERAL.--There shall be allowed as a deduction all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business, * * *. Deductible expenses include amounts expended for traveling, including meals and lodging, "while away from home in the pursuit of a trade or business * * *." Sec. 162(a)(2); see also sec. 1.162-5(e)(1), Income Tax Regs.
The general rule of section 162(a) is applied in cases of educational expenses by section 1.162-5(a), Income Tax Regs., which provides: Expenditures made by an individual for education * * * are deductible as ordinary and necessary business expenses (even though the education may lead to a degree) if the education-- (1) Maintains or improves skills required by the individual in his employment or other trade or business, or (2) Meets the express requirements of the individual's employer, or the requirements of applicable law or regulations, imposed as a condition to the retention by the individual of an established employment *571 relationship, status, or rate of compensation. By contrast, section 1.162-5(b)(1), Income Tax Regs., classifies as personal and nondeductible those expenses attributable to education which either meets the minimum educational requirements for qualification in a taxpayer's employment, trade, or business or qualifies a taxpayer for a new trade or business. See secs. 1.162-5(b)(2) and (3), Income Tax Regs.
In order to constitute maintenance or improvement of business skills, a taxpayer must be engaged in the trade or business at the time he incurs the educational expenses. Jungreis v. Commissioner,55 T.C. 581, 588 (1970). It is well established that membership in good standing in a profession is not equivalent to carrying on the profession for purposes of section 162(a). Ford v. Commissioner,56 T.C. 1300, 1304 (1971), affd. per curiam, 487 F.2d 1025 (9th Cir. 1973). In the case of a lawyer, mere admission to a bar does not place a taxpayer in the trade or business of practicing law. Wassenaar v. Commissioner,72 T.C. 1195, 1199-1200 (1979). [3]
*572 Petitioner attempts to characterize his trade or business prior to attending N.Y.U. as that of a practicing attorney. Although petitioner's work while in Alaska was of a legal nature, it was not the practice of law. Petitioner was never licensed to practice law in Alaska and was merely employed there as a law clerk. Moreover, petitioner was not admitted to practice law in any state at the time during which he worked in Alaska. Petitioner was not admitted to the Ohio bar until July of 1976, by which time he had ceased his employment in Alaska. Thus, petitioner did not practice law in either Ohio or Alaska at any time during the period between his admission to the Ohio bar and his entry into N.Y.U.
Because petitioner had no previous employment or experience as a practicing lawyer before attending N.Y.U., his educational expenses were not incident to the trade or business of practicing law. Therefore, his studies at N.Y.U. were not for the purpose of maintaining or improving skills required by his profession. Under these circumstances, we hold that petitioner's pursuit of an LL.M. at N.Y.U. was not sufficiently related to the trade of being an attorney to qualify under section *573 162. Moreover, petitioner is also denied a deduction for his expenses at N.Y.U. by section 1.162-5(b)(3), Income Tax Regs. In this regard in Wassenaar v. Commissioner,supra at 1200, we stated: The petitioner's attendance at NYU was part of his "program of study" of becoming a lawyer, a trade or business in which he was not previously engaged before his attendance there. As noted, petitioner is not the first LL.M. candidate to have found himself in the circumstances which now confront him. The established procedents and the plain language of the Code and regulations thereunder lead us to question the validity of petitioner's belief that he was entitled to any deduction under section 162(a). We admonish petitioner and similarly situated potential tax lawyers to heed the age-old advice offered to another group of professionals: "Physician, heal thyself". [4]
We have considered petitioner's other arguments and find them unpersuasive. Specifically, we find petitioner's reliance on the case of Commissioner v. Estate of Bosch,387 U.S. 456 (1967), to be meritless and irrelevant. The issue addressed in Estate *574 of Bosch is the impact of prior local adjudication of rights and interests upon Federal tax liability; neither this issue nor any issue remotely connected to it is raised by the facts of petitioner's case. In conclusion, we hold that petitioner's claimed educational expenses were not ordinary and necessary business expenses within the meaning of section 162(a) because petitioner was not engaged in the trade or business of practicing law at the time the expenses were incurred. To reflect the foregoing, Decision will be entered for the respondent.
Footnotes
1. Unless otherwise indicated, all section references are to the Internal Revenue Code of 1954, as amended and in effect during the taxable year in issue.↩
2. We note the discrepancy in the amount of $50,000 between deducted expenses and those substantiated by petitioner through his testimony at trial. Had petitioner prevailed as to the underlying issue of deductibility, a mathematical adjustment would have been necessary. However, as petitioner has failed to prove his entitlement to the disputed deduction in the instant opinion, the numerical discrepancy is irrelevant.↩
3. See also Kohen v. Commissioner,T.C. Memo. 1982-625↩.
4. The Bible, Luke 4:23.↩