T.C. Memo. 1996-517

UNITED STATES TAX COURT

JEFFERY ALLEN ROBINSON, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 11989-95.                    Filed November 25, 1996.

Jeffery Allen Robinson, pro se.

<u>John J. Boyle</u>, for respondent.

MEMORANDUM OPINION

COUVILLION, <u>Special Trial Judge</u>:  This case was heard
pursuant to section 7443A(b)(3)[1] and Rules 180, 181, and 182.

Respondent determined a deficiency of $1,895 in petitioner's
Federal income tax for 1992 and the 10-percent additional tax on

---

[1]    Unless otherwise indicated, section references are to the
Internal Revenue Code in effect for the year at issue.  All Rule
references are to the Tax Court Rules of Practice and Procedure.

early distributions from qualified retirement plans under section 72(t).

The issues for decision are: (1) Whether petitioner failed to report wage income of $1,179 in 1992; (2) whether petitioner failed to report interest income of $28 in 1992; (3) whether a lump-sum payment of $4,822 received during 1992 by petitioner from a qualified employee retirement plan maintained by the Greater Columbus Convention Center (the convention center) is includable in gross income in the year of distribution; and (4) whether petitioner is liable for the 10-percent additional tax on early distributions from qualified retirement plans under section 72(t). The remaining adjustments in the notice of deficiency are computational and will be resolved by the Court's holdings on the aforementioned issues.[2]

Some of the facts were stipulated, and those facts, with the annexed exhibits, are so found and are incorporated herein by reference. At the time the petition was filed, petitioner's legal residence was Columbus, Ohio.

During the year at issue, petitioner was employed by the convention center as a crew foreman. Petitioner had been employed by the convention center for approximately 10 years when

---

[2]    Respondent determined a reduction of $682 in the earned income credit claimed by petitioner. Further, respondent allowed petitioner an additional withholding credit of $25 representing taxes withheld on the $1,179 unreported wage income.

he left his position on September 26, 1992.  As a result of his termination of employment, petitioner received a lump-sum distribution of the retirement benefits being held on his behalf in the Greater Columbus Convention Center Benefit Plan. Petitioner was thereafter employed by the K-Mart Corp. during 1992.

On his 1992 Federal income tax return, petitioner reported taxable wage income from the convention center in the amount of $10,980.  In the notice of deficiency, respondent determined that petitioner had unreported taxable wage income of $1,179, unreported taxable interest income of $28, and unreported taxable lump-sum pension income of $4,822, all based on information reported to respondent by the respective payers.  Also in the notice of deficiency, respondent determined that petitioner was liable for the 10-percent additional tax on an early distribution from a qualified plan under section 72(t) in the amount of $482.

The determinations of the Commissioner in a notice of deficiency are presumed correct, and the burden is on the taxpayer to prove that the determinations are in error.  Rule 142(a); Welch v. Helvering, 290 U.S. 111 (1933).

Section 61 provides that gross income includes "all income from whatever source derived" unless otherwise provided. Furthermore, a taxpayer is required to maintain records

sufficient to establish the amount of his or her income and deductions.  Sec. 6001.

The first issue is whether petitioner failed to report wage income of $1,179 from his employment with K-Mart Corp. during 1992.  The parties stipulated, and petitioner acknowledged at trial, that he received wages during 1992 from K-Mart Corp. in the amount of $1,179, which he failed to report on his income tax return.  Petitioner testified that he failed to report such wages because he used these wages to replace an automobile that was stolen from him during December 1992.

Section 61(a)(1) provides that "compensation for services" must be included in income.  Petitioner presented no authority to support his position that the unreported wage income constituted an offset to any theft loss he sustained.  The Court rejects petitioner's position that such income was offset by a theft loss.[3]  Consequently, the Court holds that the $1,179 wage income

---

[3]     Petitioner did not itemize deductions on his 1992 income tax return that he filed as head of household claiming the standard deduction of $5,250.  The Court advised petitioner at trial that a theft loss is allowable under sec. 165(c)(3) only as an itemized deduction.  However, based on petitioner's testimony, it is unlikely that petitioner could have obtained any tax benefit from a theft loss because his basis in the automobile was $1,500, and it is likely that the fair market value at the time of the theft would have been less than $1,500.  Under sec. 165(h)(1) and (2), any loss by an individual from a casualty or theft shall be allowed only to the extent the amount of the loss from each casualty or theft exceeds $100 and only to the extent that the amount of the net casualty or theft losses for the year exceeds 10 percent of the taxpayer's adjusted gross income.

received by petitioner constituted gross income for Federal income tax purposes. Respondent, therefore, is sustained on this issue.

The second issue is whether petitioner failed to report interest income of $28 from State Savings Bank in 1992. The parties stipulated, and petitioner acknowledged at trial, that he received interest during 1992 from State Savings Bank in the amount of $28, which he failed to report on his income tax return. Petitioner testified that he failed to report the interest because he used the interest to pay the fee for an income tax course that he attended in 1992 sponsored by H & R Block.

Section 61(a)(4) provides that gross income includes "interest". Petitioner presented no authority to support his position that he could offset his interest income by the cost of a tax course. The Court rejects petitioner's contention.[4] Consequently, the Court holds that the $28 interest income constituted gross income under section 61(a)(4). Respondent, therefore, is sustained on this issue.

---

[4] Sec. 212(3) allows as an itemized deduction for an individual's taxable year any "ordinary and necessary" expenses paid "in connection with the determination, collection, or refund of any tax". The Court advised petitioner at trial that, although the fee for his income tax course may have been allowable as a deduction under sec. 212(3), it must have been taken as an itemized deduction from his adjusted gross income. See Wassenaar v. Commissioner, 72 T.C. 1195, 1201-1202 (1979).

The third issue is whether a lump-sum payment of $4,822 received by petitioner during 1992 from the employee retirement plan maintained by the convention center is includable in gross income in the year of distribution. The parties stipulated, and petitioner acknowledged at trial, that he received, in November 1992, a lump-sum distribution from the employee retirement plan with the convention center in the amount of $4,822, which he failed to report on his income tax return for 1992. In his petition, petitioner alleged that, since the $4,822 distribution was paid to him in November 1992, the 60-day period in which a rollover of such a distribution is allowed (which is discussed below) continued into January 1993. Therefore, petitioner contends that taxation of the funds, if any, should have occurred in the 1993 tax year rather than 1992.

At trial, petitioner acknowledged that the $4,822 distribution was not rolled over into an Individual Retirement Account (IRA) or into any other qualified plan within 60 days, either in 1992 or 1993. Petitioner contended that he could not roll over the distribution for reasons which are not entirely clear to the Court and, to some extent, inconsistent. One reason advanced by petitioner was that he could only contribute $2,000 to an IRA, and, since his distribution exceeded that amount, he

was precluded from rolling over the distribution to an IRA.[5]
Another reason advanced by petitioner is that, because he was
covered by a qualified plan at K-Mart, this also precluded his
entitlement to a rollover of the distribution from his former
employer, the convention center.  Petitioner appears to further
contend that, by virtue of his being a participant in the K-Mart
plan, such participation constituted a rollover of the convention
center distribution without an actual transfer of the
distribution to the K-Mart plan.

Section 402(a)(1) provides that "the amount actually
distributed to any distributee by any employees' trust described
in section 401(a) * * * shall be taxable to him, in the year in
which so distributed, under section 72 (relating to annuities)."
However, an exception to this general rule is found in section
402(a)(5)(A), which provides:

---

[5]     Petitioner apparently is confused by the fact that, sec.
219 allows as a deduction for a contribution to an IRA for any
taxable year an amount not to exceed the lesser of $2,000 or the
amount of the compensation includable in the individual's gross
income for such taxable year.  Sec. 219(d)(2) provides that a
qualifying rollover to an IRA (including, but not limited to,
those described in sec. 402(a)(5)) is not deductible as a
"qualified retirement contribution" under sec. 219(a).  Moreover,
a qualifying rollover to an IRA is not included in the
calculation of an "excess contribution" to which an excise tax
applies under sec. 4973(a).  Sec. 4973(b)(1)(A).  Consequently, a
qualifying rollover is not includable in gross income (as
explained hereafter in the main text), nor deductible against
gross income, nor subjected to an excise tax in the year of the
rollover (i.e., a "wash" transaction for tax purposes).

> If * * * any portion of the balance to the credit of an employee in a qualified trust is paid to him, * * * [and] the employee transfers any portion of the property he receives in such distribution to an eligible retirement plan, [i.e., rollover] * * * then such distribution (to the extent so transferred) shall not be includible in gross income for the taxable year in which paid.

Further, section 402(a)(5)(C) provides that such a rollover exclusion shall not apply "to any transfer of a distribution made after the 60th day following the day on which the employee received the property distributed."  In other words, if a taxpayer receives a distribution from a retirement plan and fails to make a rollover of such distribution to an "eligible retirement plan" within 60 days of taxpayer's receipt of such distribution, it shall be taxable to him under section 72 in the year of distribution.  There is no provision in the law deferring the inclusion of the distribution into gross income until the succeeding year simply because the 60-day rollover period extends into the succeeding year.

The term "eligible retirement plan" is defined in section 402(a)(5)(E)(iv) as "(I) an individual retirement account * * *, (II) an individual retirement annuity * * *, (III) <u>a qualified trust</u>, and (IV) an annuity plan described in section 403(a)." (Emphasis added.)  A "qualified trust" is defined in section 402(a)(5)(E)(iii) to mean "an employees' trust described in section 401(a) which is exempt from tax under section 501(a)."

Petitioner failed to make a section 402(a)(5)(A) rollover of the $4,822 distribution, either to an IRA or any other type of eligible retirement plan. Furthermore, merely being a participant in another qualified retirement plan does not, in and of itself, constitute a rollover into such plan of a distribution from a separate qualified retirement plan. Consequently, the Court holds that the $4,822 distribution from the retirement plan at the convention center was not "transferred" to an "eligible retirement plan" as required by section 402(a)(5)(A) in order for such distribution to be excluded from petitioner's gross income.

Finally, section 72(a) contains the general rule for annuities, and section 72(e) contains the rule for payments that are not received as an annuity (i.e., petitioner's $4,822 distribution). Under section 72(e)(5)(A), amounts received from qualified plans under section 401(a) are included in gross income only to the extent that the amounts received exceed the distributee's "investment in the contract". Section 72(e)(6) defines generally "investment in the contract" as being the consideration paid for the contract less amounts received under the contract before the distribution that are excludable from gross income. Thus, any nondeductible contributions a taxpayer has made to a retirement plan are excluded from gross income when such distributions are made. Petitioner presented no evidence to establish that he made any nondeductible contributions to the

retirement plan maintained by the convention center.  Therefore, the entire amount of the distribution petitioner received is includable in gross income for purposes of section 72(e)(5)(A) and (e)(6).

In summary, petitioner failed to present evidence that his exclusion from gross income of the $4,822 distribution from his retirement plan maintained by the convention center was correct and that respondent's determinations regarding such distribution were incorrect.  Respondent, therefore, is sustained on this issue.

The final issue is whether petitioner is liable for the 10-percent additional tax on early distributions from qualified retirement plans under section 72(t).  Section 72(t)(1) provides that:

> If any taxpayer receives any amount from a qualified retirement plan * * * the taxpayer's tax under this chapter for the taxable year in which such amount is received shall be increased by an amount equal to 10 percent of the portion of such amount which is includible in gross income.

Section 72(t)(2) provides several exceptions to the 10-percent additional tax including, but not limited to:

> Distributions which are:  (i) made on or after the date on which the employee attains age 59 1/2, (ii) made to a beneficiary (or to the estate of the employee) on or after the death of the employee, * * * (v) made to an employee after separation from service after attainment of age 55 * * *

Petitioner was born on October 3, 1955.  Therefore, at the time of his "separation from service" from the convention center, and at the time of the $4,822 distribution, petitioner was 37 years of age.  Petitioner presented no evidence to show that any of the other exceptions under 72(t)(2) applied to exclude the distribution from the 10-percent additional tax provided for in 72(t)(1).  The Court holds that petitioner is liable for the 10-percent additional tax on early distributions from qualified retirement plans under section 72(t).  Respondent, therefore, is sustained on this issue.

<u>Decision will be entered</u>
<u>for respondent.</u>